NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0173n.06
Filed: December 17, 2004

**No. 03-2047**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CITY OF DEARBORN, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| THE INSURANCE COMPANY | ) | |
| OF THE STATE OF PENNSYLVANIA, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**Before: BOGGS, Chief Judge; CLAY, Circuit Judge; and HAYNES, District Judge**[*]

**HAYNES, District Judge.** Plaintiff, the City of Dearborn, Michigan ("the City"), appeals the final order of the district court granting summary judgment for the Defendant, the Insurance Company of the State of Pennsylvania ("ICSOP"), and dismissing the City's declaratory action against ICSOP. The City sought a declaratory judgment under Michigan law and the parties' insurance agreement that ISCOP, its insurer, was obligated to indemnify the City for an award of attorney fees assessed against the City in a state administrative proceeding. The district court held that neither Michigan law nor the parties' agreement requires indemnification for attorney fees and penalties. On appeal, the City contends that the Michigan Telecommunications Act ("MTA"), Mich. Comp. Laws §§ 484.2101 et seq., and the parties' agreement mandates indemnification of the fees

_____

[*] The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

and penalties assessed against it. For the following reasons, we affirm the judgment of the district court.

## I. FACTUAL BACKGROUND

Metromedia Fiber Network, Inc., a local telecommunications carrier, filed an administrative complaint against the City with the Michigan Public Service Commission ("MPSC") for alleged discriminatory treatment for the City's denial of Metromedia's access and use of public rights of way to install a fiber optic network. Metromedia contended that the City's denial violated the MTA. In its complaint, Metromedia sought damages, attorney fees, the imposition of a civil fine, and a cease and desist order for the City's failure to grant Metromedia's application to access a right of way.

At all relevant times, ICSOP insured the City for certain liability incurred as a public entity. According to the policy terms, ICSOP retained the "right and duty to defend . . . any claim or suit seeking damages covered by the terms and conditions of the Policy." (J.A. 16, Policy at § I.B.1). In particular, the policy provides that ICSOP will insure the City for "the ultimate net loss . . . that the insured becomes legally obligated to pay to compensate others for loss arising out of [its] wrongful act that takes place during the Policy Period and arises solely from performing or failing to perform the duties of the public entity." (J.A. 15, Policy at § I.A.2). "Ultimate net loss" is defined in the policy as "the sum actually paid or payable due to a claim or suit for which you are liable either by a settlement to which we agreed or a final judgment, and shall include defense costs." (J.A. 24, Policy at § II.HH). The policy also provides that when ICSOP "assume[s] the defense of any claim or suit . . . we will pay the following, to the extent that they are not included in the underlying insurance listed in the Schedule of Underlying Insurance, self insured retention

2

of the retained limit or in any other insurance providing coverage to you: . . . [a]ll costs taxed against you in any claim or suit we defend . . . ." (J.A. 16, Policy at § I.B.2.b.iii). In addition, the policy contains an exclusion clause listing certain moneys and fees ICSOP will not cover, including "injunctions, equitable relief, or any other form of relief other than the payment of money damages . . . ." (J.A. 36, Policy at § 5.EE).

The City advised ICSOP of Metromedia's claims, and ICSOP informed the City that it wished to be kept informed of all developments in the MPSC proceedings, but ICSOP reserved its rights, including the right to deny coverage for the claim. On May 16, 2001, Metromedia voluntarily withdrew its damages claim, but ICSOP did not learn of this withdrawal until its receipt of the MPSC's subsequent Opinion and Order. ICSOP, unaware of Metromedia's nonsuit of its damages claim, had processed payments for the City's defense costs for June and July 2001 in the amount of $197,026.17.

On May 29, 2001 ICSOP declined the City's claim for coverage in the event of fines, penalties, and/or injunctive relief were assessed against the City, but ISCOP agreed to pay the cost of the City's defense beyond its retained limit.

On August 16, 2001, the MPSC ordered the City to pay Metromedia's attorney fees and costs, a fine to the State of Michigan, and issued a cease and desist order. The MPSC assessed attorneys fees against the City as a "significant monetary penalty . . . to obtain [its] compliance with the [Telecommunications Act]," and the fines were intended to provide the City with the "needed incentive" to comply with the MTA. (J.A. 272, MSPC Opinion and Order at 30). Upon receipt of the opinion, ICSOP withdrew its defense effective May 16, 2001.

On March 8, 2002, the City filed its declaratory judgment action against ISCOP seeking

3

reimbursement of its fees and costs resulting from the Metromedia litigation for the period after Metromedia nonsuited its damages claim. ICSOP moved for summary judgment, contending its coverage did not extend to the cease and desist order, civil fine, and attorney fees levied against the City by the MPSC. The district court granted ICSOP's motion for summary judgment on the cease and desist order and the civil fines, concluding that the City did not dispute that its policy did not cover these costs. The district court also granted summary judgment as to the attorney fees, concluding: (1) that the policy excluded from coverage any remedies that were not "money damages"; (2) that under Michigan law, an award of attorney fees is not an element of damages unless authorized by statute or court rule; (3) that the MTA does not specifically allow the recovery of attorney fees as an element of damages; and (4) that once Metromedia withdrew its damages claim, ICSOP's responsibility to cover claims for "money damages" ceased. The City filed a timely appeal on the district court's final order on the coverage of attorney fees.

## II. LEGAL ANALYSIS

This Court reviews <u>de novo</u> a district court's grant of summary judgment. <u>Terry Barr Sales Agency, Inc. v. All-Lock Co.</u>, 96 F.3d 174, 178 (6th Cir. 1996). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict, <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The judge does not "weigh the evidence and determine the truth

4

of the matter but . . . determine[s] whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 249. For such a motion, the Court views the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this diversity action, this Court applies Michigan law to the parties' claims and defenses. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Kurczi v. Eli Lilly & Co., 113 F.3d 1426, 1429 (6th Cir. 1997). Under Michigan law, "insurers owe a duty to defend until the claims against the policyholder are confined to those theories outside the scope of coverage under the policy." Am. Bumper & Mfg. Co. v. Hartford Fire Ins. Co., 550 N.W.2d 475, 483 (Mich. 1996) (citing Polkow v. Citizens Ins. Co. of Am., 476 N.W.2d 382, 384 (Mich. 1991)). Insurance contracts are to be enforced according to their terms, and absent ambiguity in its terms, the language of the contract controls. Henderson v. State Farm Fire & Cas. Co., 596 N.W.2d 190, 193-94 (Mich. 1999). The failure of the contract to define a term does not render the contract ambiguous; rather, the term is defined in referenced to its "commonly used meaning." Id. at 194. Further, "if a legal phrase of art . . . is found in a contract, the phrase would be interpreted in accord with common law understandings and case law explanations that those familiar with such terms of art are held to understand." Id. at 195 n.9.

The issue on appeal is whether under Michigan law, the ICSOP policy that insured the City for "any claim or suit seeking damages covered by [its] terms and conditions," covers the remedy of attorney fees. Because the ICSOP policy does not define the term "money damages," we must interpret that term in light of its most common usage and meaning under Michigan law in its statutes and common law.

Under Michigan law, an award of attorney fees is not recoverable unless authorized specifically by statute or court order, and when so authorized those fees are "taxed and awarded as costs unless otherwise directed." Mich. Comp. Laws § 600.2405(6); see also State Farm Mut. Auto. Ins. Co. v. Allen, 212 N.W.2d 821, 823 (Mich. Ct. App. 1973). As pertinent here, the Michigan Telecommunications Act authorizes the award of attorney fees to aggrieved parties for a violation under the Act: "If after notice and hearing the commission finds a person has violated this act, the commission shall order remedies and penalties to protect and make whole ratepayers and other persons who have suffered an economic loss as a result of the violation, including, but not limited to . . . (f) . . . attorney fees and actual costs of a person or a provider . . . ." Mich. Telecomms. Act, Mich. Comp. Laws § 484.2601.

The heart of the City's argument on appeal is that under this provision of the MTA, attorney fees are awarded as a measure of damages. The City bases its argument on § 484.2601(f) that was added in response to a Michigan Court of Appeals decision holding that economic loss "does not include attorney fees[, and w]here the Legislature intended to authorize an award of attorney fees under the MTA, it did so explicitly." In re Complaint of Southfield, 599 N.W.2d 760, 766 (Mich. Ct. App. 1999). Thus, the City argues that when the legislature added subsection (f) to § 484.2601's list of remedies available to those "who have suffered an economic loss," the Michigan legislature effectively placed attorney fees within the ambit of monetary damages.

The City's argument lacks merit on two grounds. First, we agree with the district court's determination that the City erroneously focuses on the phrase "economic loss" in a vacuum. The City overlooks the preceding phrase in § 600.2405(6) that describes the items listed as "remedies and penalties". A reading of this provision's introductory sentence in its entirety does not reflect

6

that the Michigan legislature intended to include attorney fees as a measure of damages. We also agree with the district court that the grouping of "attorney fees" with "actual costs" further underscores the fact that the Michigan legislature intended to classify attorney fees as a type of cost.

Second, the City's reading of this provision directly conflicts with another section of the Act, which lists attorney fees among the recoverable costs for defending against a frivolous claim before the MPSC. Mich. Telecomms. Act, Mich. Comp. Laws § 484.2209(1) ("If the [Michigan Public Service Commission] finds that a party's position was frivolous, the commission shall award to the prevailing party the costs, including reasonable attorney fees, against the nonprevailing party and their attorney.") (emphasis added). Thus, we agree with the district court that the statute was amended to make attorney fees recoverable as costs for violations of the MTA just as recovery of attorney fees is available for the filing of frivolous claims under Section 2209(1).

Additionally, we note that the MPSC assessed attorney fees against the City as a "significant monetary penalty . . . to obtain the City's compliance with the MTA." To be sure, the MPSC's award of attorney fees is "at least partial compensation" to Metromedia, but the purpose of the award was to provide, in addition to the fine, "the needed incentive" to comply with the MTA. The MPSC's justification for imposing attorneys fees is akin to fines paid to the State – a cost the City did not dispute below – and such a fact establishes that this award of attorney fees is outside the scope of ICSOP's coverage.

In sum, we conclude that under the Michigan Telecommunications Act, attorney fees are awarded as a taxable cost and not as a measure of damages. The ICSOP policy excludes expressly from coverage "any . . . form of relief other than the payment of money damages." As a consequence, attorney fees are not covered under the ICSOP policy. Because the policy provides

7

that ICSOP will defend the City in "any claim or suit seeking damages covered by [its] terms and conditions," ICSOP's duty to defend ended upon Metromedia's withdrawal of its damages claim. We agree that summary judgment for ICSOP was proper.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment.